UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| THE ESTATE OF JOSEPH P. CURSEEN, JR., *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 04-1803 (RMC) |
| JOHN E. POTTER, United States Postmaster General, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OPINION**

This lawsuit is brought by the estate and personal representative of a postal worker who died from anthrax exposure in October 2003. Joseph P. Curseen, Jr. died after letters laden with anthrax bacteria were processed through the Brentwood Processing and Distribution Center, where he was employed. Plaintiffs seek recovery on a *Bivens* theory, alleging that Defendants violated the Fifth Amendment to the United States Constitution by giving false or misleading information to postal employees about the safety of the Brentwood facility after they allegedly knew it was contaminated with anthrax. *See Bivens v. Six Unknown FBI Narcotics Agents*, 403 U.S. 388, 390 (1971) (Fourth Amendment violation "by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct.").

Defendants move to dismiss the complaint, arguing that "[t]his Court in *Briscoe v. Potter*, Civil No. 03-2084, recently dismissed identical *Bivens* claim[s] brought by postal employees against postal managers arising out of the same anthrax exposure incident at the Brentwood facility." Defs.' Mot. to Dismiss at 1; *see Briscoe v. Potter*, 355 F. Supp. 2d 30 (D.D.C. 2004). They argue

that Plaintiffs' claims "mirror, and in many instances quote directly from, the complaint in *Briscoe*." *Id*. at 2.

Plaintiffs oppose dismissal and move to consolidate this case with the previously dismissed *Briscoe*. "Plaintiffs recognize that the Briscoe Complaint and the instant matter involve common issues of law and fact, and set forth the same causes of action against the identical Defendants. Therefore, in recognition of the Court's prior ruling with regard to those issues of fact and law, and in the interest of judicial economy, Plaintiffs respectfully request that the instant matter be consolidated with Civil Action number 1:03 CV 2084 (RMC) (Appeal # 04-5447) for purposes of appeal." Pls.' Opp. to Defs.' Mot. to Dismiss at 3.

## ANALYSIS

Rule 42 of the Federal Rules of Civil Procedure permits consolidation "[w]hen actions involving a common question of law or fact are pending before the court . . . ." FED. R. CIV. P. 42(a). The Court dismissed the complaint in *Briscoe* on November 19, 2004 and closed the case. On December 13, 2004, the *Briscoe* plaintiffs filed their Notice of Appeal. Because *Briscoe* is no longer pending in this Court, consolidation is not possible.

As both parties acknowledge, this Court resolved very similar, if not identical, legal issues in its decision in *Briscoe*. Accordingly, the Court will grant Defendant's motion to dismiss based upon the reasoning in that decision.

## CONCLUSION

For the reasons stated, the motion to consolidate is denied and the motion to dismiss granted. Plaintiffs may seek consolidation of these cases on appeal.

DATE: July 27, 2005.                                /s/
                                                    ROSEMARY M. COLLYER